**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ALLSTATE INSURANCE COMPANY )
T/O/U ANGELA UPSHUR, )
             )
        Plaintiff, )
             )
v. )    Civ. No.: CCB-20-1202
             )
UNITED STATES OF AMERICA, )
             )
        Defendant. )

## ANSWER

Defendant United States of America ("Defendant"), by undersigned counsel, answers Plaintiff's Complaint as follows:

### Parties

1.      Defendant has insufficient knowledge and information to admit or deny the allegations in Paragraph 1, and therefore denies them.

2.      Admitted.

3.      Jason Jeandell is no longer a party to this action. *See* ECF No. 13.

### Jurisdiction and Venue

4.      Defendant makes no response to the allegations of jurisdiction contained in Paragraph 4 as no response is required. To the extent the allegations are deemed factual in nature by the Court, Defendant admits only that Plaintiffs have filed suit pursuant to the Federal Tort Claims Act ("FTCA") but denies Plaintiff is entitled to any relief under it.

5.      Defendant has insufficient knowledge and information to admit or deny the allegations in Paragraph 5, and therefore denies them.

6.      Defendant makes no response to the legal conclusions and allegations of venue contained in Paragraph 6 as no response is required. To the extent the allegations are deemed factual in nature by the Court, Defendant admits only that the incident that serves as the basis of the present suit occurred in the State of Maryland.

## Factual Allegations

7.      Defendant admits only that on June 20, 2016, a vehicle insured by Plaintiff was traveling on or near East Line Road in Delmar, Maryland. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 7.

8.      Defendant admits only that on June 20, 2019, USPS employee Jason Jeandell operated a vehicle owned by the United States Post Service ("USPS") on or near East Line Road in Delmar, Maryland. Defendant further admits that Mr. Jeandell was acting in the course and scope of his employment at all times relevant to the Complaint. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 8.

9.      Defendant denies each and every allegation in Paragraph 9.

10.      Denied. Defendant specifically denies that it operated its vehicle in an unsafe, negligent, or careless fashion, and denies that it caused any collision.

11.      Denied. Defendant is without information sufficient to form a belief regarding either the cause or extent of Plaintiff's alleged damages, if any. Accordingly, Defendant denies both the allegation that such damages occurred and the allegation that Defendant was the cause of them.

12.      Defendant has insufficient knowledge and information to admit or deny the allegations in Paragraph 12, and therefore denies them.

13.     Defendant admits that Exhibits 1-4 are true and correct copies of documents sent from or received by USPS. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 13.

14.     Defendant makes no response to the legal allegations and conclusion regarding presentment of an administrative claim contained in Paragraph 14 as no response is required. To the extent the allegations are deemed factual in nature by the court, Defendant admits only that USPS issued a final denial of Plaintiff's request for reconsideration on February 3, 2020, and that Plaintiff filed the present action on May 12, 2020. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 14.

## Prayer for Relief

15.     Defendant denies Plaintiff is entitled to any of the relief sought in Paragraph 15. To the extent that Paragraph 15 may be deemed to contain any allegations of fact, each and every such allegation is denied.

16.     Defendant denies Plaintiff is entitled to any of the relief sought in Paragraph 16. To the extent that Paragraph 16 may be deemed to contain any allegations of fact, each and every such allegation is denied.

All allegations not specifically responded to above are denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's complaint fails to state a claim or any claim upon which relief can be granted against Defendant.

2.     The negligent acts and/or omissions of a third party, Khali Boggs, solely caused the injuries and damages of which Plaintiff complains and, therefore, Plaintiff cannot recover for such injuries and damages against Defendant.

3

3.      Plaintiff was contributorily negligent.

4.      Plaintiff assumed the risk of her injuries.

5.      Negligent acts or omissions by federal employees did not cause the injuries and damages alleged by Plaintiff, and therefore it cannot recover for such injuries and damages against Defendant.

6.      Defendant discharged any duty it may have owed Plaintiff.

7.      Plaintiff is not entitled to a trial by jury with respect to the claims against the United States of America. *See* 28 U.S.C. § 2402.

8.      Plaintiff's recovery is limited to the damages recoverable under the FTCA.

9.      Without admitting any liability, Plaintiff is not entitled to any prejudgment interest should it obtain a judgment against Defendant. *See* 28 U.S.C. § 2674

10.     Pursuant to 28 USC § 2675(b), Plaintiff is prohibited from claiming or recovering an amount, if any, against Defendant in excess of that set forth in the claim presented to the USPS.

11.     Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover a separate award for attorney's fees from Defendant with respect to its FTCA cause of action.

12.     Plaintiff failed to mitigate her damages, and any recovery should be so reduced.

13.     Defendant hereby specifically reserves the right to assert any and all other defenses, not currently known, which it may have or through discovery learn may be applicable.

Respectfully submitted,

Robert K. Hur
United States Attorney


By: /s/ Kelly M. Marzullo
  Kelly M. Marzullo (Bar No. 28036)
  Assistant United States Attorney
  36 South Charles Street, 4th Floor
  Baltimore, Maryland 21201
  (410) 209-4956 (direct)
  kelly.marzullo@usdoj.gov